# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BRIAN CHRISTOPHER GARDNER,**

      **Plaintiff,**

v.                                                                                                   **Case No: 6:16-cv-684-Orl-41DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (Doc. 28)
>
> **FILED:** March 20, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I. BACKGROUND.

On December 20, 2016, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the Commissioner) for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docs. 26; 27. On March 20, 2017, Plaintiff filed an Unopposed Motion for Award of Attorney Fees (the Motion), requesting an award of $6,491.29 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the EAJA). Doc. 28. Plaintiff

also requests that the award of attorney fees be paid directly to his counsel if the U.S. Department of Treasury determines that he does not owe a debt to the federal government. *Id*.

**II.     DISCUSSION.**

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. The undersigned finds, as discussed below, that Plaintiff is eligible to recover EAJA fees and that his request for EAJA fees is reasonable.

**A.  Eligibility for EAJA Fees.**

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2). Plaintiff met all five requirements in this case.

**1.  Prevailing Party.**

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Docs. 26; 27. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

## 2. Timely Application.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). The plaintiff, as discussed above, then has 30 days in which to file his or her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed prior to 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). Here, the Judgment was entered on December 20, 2016, and the Motion was filed 90 days later on March 20, 2017. Docs. 27; 28. Accordingly, the undersigned finds that the Motion is timely.

## 3. Claimant's Net Worth.

Plaintiff represents that his net worth was less than $2 million when this action was filed. Doc. 28 at 1. This representation is uncontroverted. Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

## 4. Government's Position Not Substantially Justified.

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving her position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. In this case, the Commissioner did not file a response to the Motion. Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

5. **No Special Circumstances.**

The undersigned finds no special circumstances that would make an award of fees unjust.

**B. Reasonableness of EAJA Fee.**

Plaintiff requests an award of $6,491.29 in attorney fees. Doc. 28 at 1. The chart below represents the hours Plaintiff's counsel worked and the requested hourly rates:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Shea A. Fugate, Esq.: | 2016 | 32.7 | $192.62 | $6,298.67 |
|  | 2017 | 1.0 | $192.62 | $192.62 |
|  | **Total** | **33.7** |  | **$6,491.29** |

Docs. 28; 28-1; 28-2; 28-4. Plaintiff attached a detailed time sheet in support of the hours his counsel spent working on his case before the Court. Doc. 28-2 at 3-4. Plaintiff also demonstrated that the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Doc. 28-4. Upon review, the undersigned finds that Plaintiff is entitled to recover $6,491.29 in attorney fees, and that such fee is reasonable.

**C. Assignment.**

In the Motion, Plaintiff represents that he agreed to assign his right to attorney fees to Ms. Fugate. Docs. 28 at 2.[1] As a result, Plaintiff asks that "if the United States Department of Treasury determines that Plaintiff does not owe a debt that [is] subject to offset, . . . the government accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney." *Id*. The undersigned interprets this as a request for the Court to approve the Assignment Agreement.

In *Astrue v. Ratliff*, 560 U.S. 586, 588-98 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's

---

[1] Plaintiff entered into the agreement (the Assignment Agreement) on February 1, 2017. Doc. 28-3.

attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorney fees. *Id*. at 595-98. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984). Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Accordingly, an assignment made prior to the award of attorney fees necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued. *See id*. Here, the Assignment Agreement does not satisfy the Anti-Assignment Act because the Assignment Agreement occurred prior to the award of attorney fees. Doc. 28-3; *Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). Accordingly, the undersigned finds that the Court should not approve the Assignment Agreement.[2]

---

[2] The United States Department of the Treasury (the Department) may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government. However, the undersigned is not recommending that the Court order the Department to honor it.

## III.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 28) be **GRANTED in part** and **DENIED in part** as follows:

1. The Motion be **GRANTED** only to the extent that the Court awards Plaintiff a total of $6,491.29 in attorney fees; and
2. Otherwise, the Motion be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 10, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy